E-FILED
Friday, 13 August, 2021  01:36:20 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| DAVID L. SIMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 19-cv-3075 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Petitioner David L. Simpson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1). Mr. Simpson alleges he received ineffective assistance of counsel. For the reasons below, the Court DENIES Mr. Simpson's § 2255 Motion (d/e 1) and DECLINES to issue a certificate of appealability.

## I.    BACKGROUND

A detailed summary of the original proceedings and underlying facts is set forth in the Seventh Circuit's decision in Mr. Simpson's first appeal. United States v. Simpson, 864 F.3d 830 (7th Cir.

2017).  On February 20, 2014, following a jury trial, the jury found Mr. Simpson guilty of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  United States v. Simpson, 13-cr-30056 (C.D. Ill.) (hereinafter, "Crim.") Jury Verdict (d/e 35).  At trial, Mr. Simpson was primarily represented by John C. Taylor of the Office of the Federal Public Defender.

After trial, the Court granted Mr. Taylor's motion to withdraw and appointed Daniel Fultz to represent Mr. Simpson.  On March 22, 2016, Mr. Simpson filed an amended motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, arguing that Mr. Simpson received ineffective assistance of counsel and that there was insufficient evidence at trial.  Crim., Amended Motion for New Trial (d/e 70).  Specifically, the Rule 33 Motion alleged that trial counsel was ineffective for failing to adequately cross-examine the Government's eyewitnesses (Jade Winchester and Joe Burdell) and failing to call three proffered witnesses (Donna Simpson, Zachary Hoffstot, and Jaqueline Lintzenich).  The Court denied the Rule 33 Motion in a written opinion without holding an evidentiary hearing.  Crim., Opinion (d/e 80).  On August 22, 2016, the Court

sentenced Mr. Simpson to 96 months' imprisonment and six years
of supervised release.  Crim., Amended Judgment (d/e 93).

Mr. Simpson appealed and argued that this Court should not
have denied his Rule 33 Motion without an evidentiary hearing.
The Seventh Circuit agreed, vacated the denial of Mr. Simpson's
Rule 33 Motion, and remanded the case for an evidentiary hearing.
Simpson, 864 F.3d at 835-36.

On remand, the Court appointed new counsel—George Patrick
Murphy—to represent Mr. Simpson at the evidentiary hearing.  Mr.
Simpson called three witnesses: Jade Winchester and Joe Burdell,
who had testified as Government witnesses at the trial, and
Jacqueline Lintzenich.  Ms. Lintzenich testified that, shortly after
Mr. Simpson's arrest, she heard Mr. Burdell and Ms. Winchester
say that Mr. Simpson "took the rap" for them regarding the offense.
Crim., Tr. 85 (d/e 146).  On cross-examination, Ms. Lintzenich
admitted to having a heroin problem and receiving heroin from Mr.
Simpson, admitted to prior convictions, and agreed that some of the
statements in her written statement were inaccurate.  See, Crim.,
Tr. 84, 90, 92, 116-17 (d/e 146).

After Ms. Lintzenich testified, Mr. Simpson's counsel stated that Mr. Simpson wished to withdraw his Rule 33 Motion.  Mr. Simpson was placed under oath and stated that, upon the advice of counsel, he wished to withdraw his Rule 33 Motion because he would be released in the near future and did not want to risk a longer sentence if he were convicted after retrial.  Crim., Tr. 135-39 (d/e 146).  To "avoid a battle over whether [Mr. Simpson] is voluntarily moving to withdraw his motion," this Court denied the motion on the merits.  Crim., Tr. 140 (d/e 146).  The Court took judicial notice of Mr. Simpson's trial testimony and then found that Ms. Lintzenich's evidentiary hearing testimony "was incredible, contradictory, certainly contradictory from Mr. Simpson's testimony at trial," such that "Mr. Simpson has failed to meet his burden under the facts of the case."  Crim., Tr. 140 (d/e 146).

Despite having testified that he wanted to voluntarily withdraw his motion, Mr. Simpson appealed the Court's denial of his Rule 33 Motion.  Counsel filed an <u>Anders</u> brief, arguing that the appeal was frivolous because "the court's adverse credibility findings regarding the witness foreclosed any attempt Simpson could make to establish that he was prejudiced by trial counsel's

failure to investigate potentially exculpatory witnesses." <u>United</u>
<u>States v. Simpson</u>, 753 F. App'x 410, 411 (7th Cir. 2019).  The
Seventh Circuit agreed and dismissed the appeal.

    Mr. Simpson then filed this Motion to Vacate, Set Aside, or
Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1) on March
13, 2019.  His § 2255 Motion largely reiterates the claims of
ineffective assistance of counsel that he raised in his Rule 33
Motion.  Mr. Simpson further alleges that his trial counsel suffered
from a mental illness at the time of his trial, which, Mr. Simpson
argues, caused the ineffective assistance of counsel, and also
caused his trial counsel to be unavailable to testify at the
evidentiary hearing on his Rule 33 Motion.  The Government filed a
response in opposition on December 2, 2019 (d/e 3).  Mr. Simpson
has not filed a timely response.

## II.    DISCUSSION

    As an initial matter, the Court notes that on or about July 10,
2019, Mr. Simpson was released from imprisonment and began his
six-year term of supervised released.  <u>See</u> BOP Inmate Locator,
https://www.bop.gov/inmateloc/ (last accessed on August 11,
2021).  Mr. Simpson's release from prison does not remove this

Court's jurisdiction over his § 2255 Motion because he was "in custody" when he filed his motion. See Conley v. United States, No. 20-2439, 2021 WL 3076861, at *2 (7th Cir. July 21, 2021). Moreover, because Mr. Simpson's § 2255 Motion challenges his conviction, his release from imprisonment does not make his challenge moot. See United States v. Juv. Male, 564 U.S. 932, 936, 131 S. Ct. 2860, 2864 (2011) (finding that when a petitioner challenges his underlying conviction, the Supreme Court has "long presumed the existence of collateral consequences" sufficient to satisfy Article III and not make a challenge moot).

However, Mr. Simpson's § 2255 Motion still must be dismissed because his ineffective assistance of counsel claim was already available and addressed on direct review. Relief under § 2555 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Doe v. United States, 51 F.3d 693, 698 (7th Cir. 1995). Accordingly, a petitioner bringing a § 2255 motion is barred from

raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. <u>Belford v. United States</u>, 975 F.2d 310, 313 (7th Cir. 1992). "[I]t is generally proper to raise arguments of ineffective assistance of counsel for the first time on collateral review in a § 2255 petition because such claims usually. . . involve evidence outside the record." <u>Galbraith v. United States,</u> 313 F.3d 1001, 1007 (7th Cir. 2002).

However, here, Mr. Simpson's ineffective assistance of counsel claims were already brought in a Rule 33 Motion and he has not provided any new evidence or alleged any changed circumstances. This Court ruled on his claims of ineffective assistance of counsel after an evidentiary hearing and found them meritless. Accordingly, the record on his ineffective assistance of counsel claims was already developed by the time of his second direct appeal. The Seventh Circuit found Mr. Simpson's appeal of the Court's denial of

his Rule 33 Motion to be frivolous.  Mr. Simpson cannot relitigate
these issues in a § 2255 Motion.

Mr. Simpson's § 2255 Motion also claims that his trial counsel
had a mental illness that impacted his performance at trial and
prevented him from being a witness at the evidentiary hearing on
the Rule 33 Motion.  Mr. Simpson argues that he could not raise
this ground earlier because he did not know until his evidentiary
hearing that trial counsel had an illness that may have impacted
his mental abilities.  To succeed on a claim of ineffective assistance
of counsel, Mr. Simpson must show both that his attorney's
performance was deficient and that he was prejudiced as a
result.  Strickland v. Washington, 466 U.S. 668, 684-86 (1984).
Regardless of any mental impairments trial counsel may have had
at the time of trial,[1] such a showing could at best provide a reason
why counsel performed deficiently if the Court had otherwise found
that he had performed deficiently.  The *reason* for deficient conduct,
however, is not relevant to whether the conduct was deficient or

---

[1] The Court also notes, as the Court stated at the Rule 33 evidentiary hearing,
while trial counsel was unable to testify at the Rule 33 evidentiary hearing, he
certainly "showed no signs of illness during the course of [Mr. Simpson's] trial."
Crim., Tr. 88 (d/e 146.).

Page 8 of 10

prejudicial under the Sixth Amendment.  And, the only allegations
Mr. Simpson raises that trial counsel provided ineffective assistance
of counsel have already been found to be meritless.  Accordingly,
the Court denies Mr. Simpson's § 2255 Motion.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain
a certificate of appealability.  See 28 U.S.C. § 2253(c) (providing that
an appeal may not be taken to the court of appeals from the final
order in a § 2255 proceeding unless a circuit justice or judge issues
a certificate of appealability).  A certificate of appealability may
issue only if Petitioner has made a "substantial showing of the
denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Such a
showing is made if "reasonable jurists could debate whether (or, for
that matter, agree that) the petition should have been resolved in a
different manner."  Slack v. McDaniel, 529 U.S. 473, 484, 120
S. Ct. 1595 (2000).  When a federal habeas petition is dismissed on
procedural grounds without reaching the underlying constitutional
claim, the movant must show "that jurists of reason would find it
debatable whether the petition states a valid claim of the denial of a
constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." Id.  The Court does not find that reasonable jurists could disagree with the Court's findings that Mr. Simpson is barred from raising his claim of ineffective assistance of counsel because the claim was already addressed in his Rule 33 Motion and on direct appeal.  Accordingly, the Court declines to issue a certificate of appealability.

## IV.  CONCLUSION

For the reasons stated above, Petitioner David L. Simpson's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (d/e 1) is DENIED.  The Court DECLINES to issue a Certificate of Appealability.  This case is CLOSED.  The Clerk is DIRECTED to prepare the Judgment.


Signed on this 11th day of August 2021.

/s/ Sue E. Myerscough
Sue E. Myerscough
United States District Judge